UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

ABDUL ALSHIMARY,

               Plaintiff,

v.

RICHARD RUSSELL et al.,

               Defendants.

_____/

Case No. 2:24-cv-182

Honorable Paul L. Maloney

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I.    Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the St. Louis Correctional Facility (SLF) in St. Louis, Gratiot County, Michigan. The events about which he complains, however, occurred at the Chippewa Correctional Facility (URF) in

Kincheloe, Chippewa County, Michigan. Plaintiff sues Hearing Administrator Richard Russell, Hearing Officer Unknown McCollum, Correctional Officer Unknown Woodgate, and "John and Jane Doe et al."

Plaintiff's allegations concern a Class I misconduct hearing that took place on January 19, 2018. (ECF No. 1, PageID.3; ECF No. 1-1, PageID.16.) Specifically, Plaintiff claims that Defendant Russell, the Hearing Administrator, refused to perform a "proper investigation" that would have "cleared and justified Plaintiff's innocence" (ECF No. 1, PageID.6), Defendant McCollum, the Hearing Officer, refused to produce legal documents and statements that would have "cleared Plaintiff" (*id.*, PageID.7), Defendant Woodgate violated MDOC procedure when he submitted several identical misconduct tickets to different inmates when only one could have committed the misconduct (*id.*), and Defendants "John and Jane Doe et al." withheld witness affidavits and destroyed evidence (*id.*, PageID.7–8.) Plaintiff alleges that Defendants' actions deprived Plaintiff of due process. (*Id.*, PageID.7.) Plaintiff also makes references to retaliation, both in connection with the hearing and as a result of being found guilty. (*Id.*, PageID.3, 9.)

According to the documents attached to Plaintiff's complaint, Plaintiff was ultimately found guilty of sexual misconduct. (ECF No. 1-1, PageID.16.) The hearing report indicates that Defendant McCollum based his determination on testimony from Officer Woodgate who heard Plaintiff make the foregoing statement and is familiar with Plaintiff's "distinctive" voice, and his finding that Plaintiff's own testimony denying the statement was not credible. (*Id.*)

Based on the foregoing allegations, Plaintiff claims that Defendants violated his rights under the First Amendment, Eighth Amendment, and Fourteenth Amendment. (*See, e.g.*, *id.*, PageID.6, 9.) The Court also construes Plaintiff's complaint to raise § 1983 conspiracy claims.

(*See, e.g.*, *id.*, PageID.8, 9.) As a result of the allegations contained within Plaintiff's complaint, Plaintiff seeks declaratory, injunctive, and monetary relief. (*Id.*, PageID.11.)

## II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

In reviewing Plaintiff's complaint, the Court "must accept as true all of the factual allegations." *Swierkiewicz v. Sorema, N.A.,* 534 U.S. 506, 508 n.1 (2002). The Court is not required to accept as true "unwarranted factual inferences," *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008), nor must the Court accept as true "a legal conclusion couched as a factual

allegation," *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Here, the Court will look outside the allegations in the complaint pursuant to recognized exceptions to the "four corners" rule.

A Court reviewing a complaint to determine whether it states a claim may look to documents or public records "if a plaintiff references or quotes" such documents or records in the complaint. *In re Omnicare, Inc. Securities Litigation*, 769 F.3d 455, 466 (6th Cir. 2014); *see also Twombly*, 550 U.S. at, 568 n.13 (noting that the district court "was entitled to take notice of the full contents of the published articles referenced in the complaint"); *Nixon v. Wilmington Trust Co.*, 543 F.3d 354, 357 n.2 (6th Cir. 2008) (noting that "a court may consider a document not formally incorporated by reference in a complaint when the complaint refers to the document and the document is central to the claims").

Additionally, "documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Commercial Money Center, Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)). Thus, the Court may consider documents that are attached to a *pro se* complaint when considering, on preliminary screening, whether the complaint states a claim upon which relief should be granted. *See, e.g.*, *Powell v. Messary*, 11 F. App'x 389, 390 (6th Cir. 2001) (affirming the Eastern District of Michigan District Court's consideration of the attachments to the plaintiff's complaint to determine that the plaintiff had received medical treatment and, therefore, failed to state a claim under the Eighth Amendment); *Hardy v. Sizer*, No. 16-1979, 2018 WL 3244002 (6th Cir. May 23, 2018) (affirming this Court's consideration of the plaintiff's complaint allegations and the documents attached to the complaint to support the determination that the plaintiff failed to state a claim); *Hogan v. Lucas*, No. 20-4260, 2022 WL 2118213, at *3 n.2 (6th Cir. May 20, 2022) (stating that "[b]ecause the

documents attached to Hogan's complaint are referenced in the complaint and 'central to the claims contained therein,' they were properly considered at the § 1915(e)(2) screening stage" (citations omitted)).

Finally, the "court may take judicial notice of public records, and [the court is] not required to accept as true factual allegations that are contradicted by those records. *Clark v. Stone*, 998 F.3d 287, 298 (6th Cir. 2021).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

## A.    Plaintiff's Claims Are Untimely

State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* Mich. Comp. Laws § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). Accrual of the claim for relief, however, is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer*, 98 F.3d at 220.

Here, Plaintiff had reason to know of the "harms" done to him at the time they occurred during the January 19, 2018, misconduct hearing. Hence, his claims accrued in 2018. However, he did not file his complaint until October 2024, well past Michigan's three-year limit.

Moreover, Michigan law no longer tolls the running of the statute of limitations when a plaintiff is incarcerated. *See* Mich. Comp. Laws § 600.5851(9). Further, it is well established that ignorance of the law does not warrant equitable tolling of a statute of limitations. *See Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *Jones v. Gen. Motors Corp.*, 939 F.2d 380, 385 (6th Cir. 1991); *Mason v. Dep't of Justice*, No. 01-5701, 2002 WL 1334756, at *2 (6th Cir. June 17, 2002).

Plaintiff, apparently anticipating that his claim might be barred as untimely, claims that he is disabled "by not clearly speaking and writing English" and that he was intentionally hindered by "harsh and malicious retaliation." (Compl., ECF No. 1, PageID.8.) Plaintiff elaborates by noting that "Defendants/M.D.O.C. Staff upon several facilities all conspired to sabotage Plaintiff's complaint to hinder a timely and proper claim." (*Id.*) He explains that the unknown party defendants destroyed "all legal documents to present this claim timely and with proof of innocence." (*Id.*)

Plaintiff's vague and conclusory allegations suggesting an inability to pursue this litigation during the years that have passed is contradicted by court records in this Court, the United States District Court for the Eastern District of Michigan, the Wayne County Circuit Court, the Michigan Court of Appeals, and the Michigan Supreme Court. Plaintiff has been actively litigating cases *pro se* or with the assistance of ***retained*** counsel in these courts during the intervening years. Moreover, Plaintiff had all of the necessary "exculpatory" documents when he appeared at the misconduct hearing and he referenced them during his appeal of the determination of his guilt. The hearing officer found Plaintiff and his witnesses to be incredible. (Misconduct Hr'g Rep., ECF No. 1-1,

PageID.16.) Plaintiff was entirely capable of marshaling his resources and documents to pursue his appeal and, after his appeal was denied, to file a complaint regarding the matter with the Office of the Legislative Corrections Ombudsman. (Correspondence, ECF No. 1-2, PageID.18–19.)

Based on Plaintiff's allegations and the documents he attaches to his complaint, the Court concludes that Plaintiff's complaint is untimely. A complaint may be dismissed as frivolous if it is time-barred by the appropriate statute of limitations. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). The Sixth Circuit has repeatedly held that when a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, *sua sponte* dismissal of the complaint is appropriate. *See id.*; *Beach v. Ohio*, No. 03-3187, 2003 WL 22416912, at *1 (6th Cir. Oct. 21, 2003); *Castillo v. Grogan*, No. 02-5294, 2002 WL 31780936, at *1 (6th Cir. Dec. 11, 2002); *Duff v. Yount*, No. 02-5250, 2002 WL 31388756, at *1-2 (6th Cir. Oct. 22, 2002); *Paige v. Pandya*, No. 00-1325, 2000 WL 1828653 (6th Cir. Dec. 5, 2000). Accordingly, Plaintiff's claims regarding the misconduct must be dismissed as untimely and therefore frivolous.

Even if Plaintiff's complaint was timely, however, it would be properly dismissed because it fails to state a claim.

### B.    Plaintiff is Precluded from Making the Factual Allegation that Serves as the Foundation for All of His Claims

The Sixth Circuit has held that a prisoner's claim that he was falsely accused of a major misconduct is barred where there has been a finding of guilt. *See Peterson v. Johnson*, 714 F.3d 905, 917 (6th Cir. 2013) (holding that a factual finding in a major misconduct proceeding has preclusive effect and is not subject to challenge in a § 1983 action). However, as the Sixth Circuit subsequently qualified in *Roberson v. Torres*, 770 F.3d 398 (6th Cir. 2014), not every factual finding is entitled to preclusive effect. Instead,

7

> the question of preclusion cannot be resolved categorically, as it turns on case-specific factual questions such as what issues were actually litigated and decided, and whether the party to be precluded had sufficient incentives to litigate those issues and a full and fair opportunity to do so—not just in theory, but in practice. [*Peterson*, 714 F.3d] at 916–17. It likewise turns on the court's "sense of justice and equity," *Blonder-Tongue Labs., v. Univ. of Ill. Found.*, 402 U.S. 313, 334 (1971), which may require a case-by-case analysis of surrounding circumstances.

*Roberson*, 770 F.3d at 404–05.

In *Maben v. Thelen*, the Sixth Circuit further clarified the limitations of the preclusion doctrine, as follows:

> To determine whether we must give preclusive effect to "factfinding from Michigan prison hearings," we look to four requirements, all of which must be met: (1) the state agency "act[ed] in a 'judicial capacity'"; (2) the hearing officer "resolved a disputed issue of fact that was properly before it"; (3) the prisoner "had an adequate opportunity to litigate the factual dispute"; and, (4) if these other three requirements are met, we must "give the agency's finding of fact the same preclusive effect it would be given in state courts." *Peterson v. Johnson*, 714 F.3d 905, 911–13 (6th Cir. 2013) (internal citation and quotation marks omitted).

> In *Peterson*, the Court considered, as a matter of first impression, whether a hearing officer's factual determination at a Michigan major misconduct hearing has preclusive effect in litigation brought by a prisoner under § 1983. *Id.* at 908, 911. The Court concluded that, because all four requirements were met, the "hearing officer's *factual* finding that [the prisoner] was the one who grabbed [the officer's] hand precludes a contrary finding in federal court." *Id.* at 917. In *Roberson v. Torres*, the Court considered the same issue, and identified the four requirements listed above. 770 F.3d 398, 403–04 (6th Cir. 2014). The Court said that *Peterson* does not mean that "any factual findings by a hearing officer in a major-misconduct hearing in a Michigan prison are to be accorded preclusive effect." *Id.* at 404. "*Peterson* is not a blanket blessing on every factual finding in a major-misconduct hearing." *Id.*

> Indeed, the question of preclusion cannot be resolved categorically, as it turns on case-specific factual questions such as what issues were actually litigated and decided, and whether the party to be precluded had sufficient incentives to litigate those issues and a full and fair opportunity to do so— not just in theory, but in practice. It likewise turns on the court's sense of justice and equity, which may require a case-by-case analysis of surrounding circumstances.

> *Id.* at 404–05 (internal citations and quotation marks omitted). The Court declined to decide the preclusion question, and remanded the case to the district court to consider the argument for the first time. *Id.* at 405. The Court instructed the district court to "give particular attention to the fairness and accuracy of the factual findings

made by the major-misconduct hearing officer." *Id.* The Court advised that "[n]umerous inquiries may be relevant to the district court's analysis," like "why the hearing officer refused to review the alleged video of the incident, whether the hearing officer provided a sufficient and reasonable basis for her factual findings, and whether the testimony of other witnesses corroborated the accounts provided by either [the prisoner] or [the officer]." *Id.* at 405.

*Maben*, 887 F. 3d at 259.

Here, in the context of a hearing on a major misconduct before a judicial officer, Plaintiff argued his position, presented his own written statement, and presented statements from three other prisoners—one of whom admitted making the offending statement. (ECF No. 1-1, PageID.16.) Although Plaintiff's allegations suggest there was some other evidence that has been destroyed, or lost, or not developed, his request for rehearing indicates that the evidence that the hearing officer reviewed included all of the evidence that Plaintiff sought to present. (ECF No. 1-1, PageID.15.) It is apparent that Plaintiff was able to fully litigate the issues of whether the offending statement was made and who made it.

ALJ Theut concluded that Plaintiff's statement and the statement of the confessing prisoner were incredible. (ECF No. 1-1, PageID.16.) ALJ Theut determined that the reporting officer was "clear and detailed in his statement and found credible." (*Id.*) Theut specifically found that Plaintiff made the offending statement and that he made it to harass and degrade a healthcare staff member. (*Id.*) That factual finding was critical to the determination of Plaintiff's guilt. He had every motivation to contest it and he did contest it.

It is not the conclusion of guilt, but the "specific factual findings" that are given preclusive effect. *Roberson*, 770 F.3d at 404–05. Here, the specific factual findings of ALJ Theut were made with the "judicial-type protections" necessary for preclusion under Michigan law. Precluding Plaintiff from relitigating the same disputed fact now comports with the Court's "sense of justice and equity." Thus, all of the factors identified in *Peterson*, *Roberson*, and *Maben*—including this

9

Court's sense of justice and equity—support giving the hearing officer's factual finding preclusive effect. And the finding that Plaintiff made the offending statement undercuts all of the claims he raises against the Defendants. In that sense, Plaintiff has failed to state any claim in his complaint upon which relief can be granted.

### C.    First Amendment Retaliation

Even if Plaintiff's complaint was not factually eviscerated by preclusion, he has failed to properly state the claims he purports to raise. Plaintiff makes vague references to "retaliation" within his complaint. (ECF No. 1, PageID.3, 9.) Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Here, Plaintiff fails to allege facts that would support even a single element of a claim of retaliation. Instead, Plaintiff does nothing more than use the word retaliation in his complaint. Plaintiff alleges no facts indicating that he engaged in protected conduct, that any of the named Defendants were aware of any protected conduct, or that any of the named Defendants took adverse action against Plaintiff as a result of Plaintiff's protected conduct. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th

Cir. 1987)); *see also Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) (holding

that in complaints screened pursuant to 28 U.S.C. § 1915A, "[c]onclusory allegations of retaliatory

motive with no concrete and relevant particulars fail to raise a genuine issue of fact for trial"

(internal quotation marks omitted)); *Lewis v. Jarvie*, 20 F. App'x 457, 459 (6th Cir. 2001) ("[B]are

allegations of malice on the defendants' parts are not enough to establish retaliation claims [that

will survive § 1915A screening]." (citing *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998))).

Because Plaintiff's complaint falls far short of the requirements to state a valid retaliation

claim, any such claim will be dismissed.

### D.    Fourteenth Amendment Due Process

Plaintiff alleges that Defendants violated his Fourteenth Amendment right to due process

in denying him a fair hearing in connection with a Class I misconduct. A prisoner does not have a

protected liberty interest in prison disciplinary proceedings unless the sanction "will inevitably

affect the duration of his sentence" or the resulting restraint imposes an "atypical and significant

hardship on the inmate in relation to the ordinary incidents of prison life." *See Sandin v. Conner*,

515 U.S. 472, 486–87 (1995). Plaintiff's Class I misconduct could do neither.

First, the MDOC no longer rewards prisoners for serving time "misconduct free." Instead,

prisoners convicted of crimes committed on or after December 15, 1998, for a particular list of

crimes, and on or after December 15, 2000, for all other crimes, are given "disciplinary time" when

they are found guilty of a major misconduct. *Taylor v. Lantagne*, 418 F. App'x 408, 412 (6th Cir.

2011; Mich. Comp. Laws § 800.34. Plaintiff is incarcerated for crimes he committed in 2006 and

2008. *See* MDOC Offender Tracking Information System, https://mdocweb.state.mi.us/OTIS2/

otis2profile.aspx?mdocNumber=342578 (last visited Oct. 31, 2024). Therefore, he is subject to

disciplinary time with regard to his indeterminate sentence. Mich. Comp. Laws § 800.34.

Disciplinary time accrues when a prisoner is found guilty of a major misconduct. A prisoner's accumulated disciplinary time is submitted to the parole board for consideration at parole reviews or interviews. The Sixth Circuit has concluded that "disciplinary time" never impacts the duration of a sentence in the sense contemplated by *Sandin*. *Nali v. Ekman*, 355 F. App'x 909, 912 (6th Cir. 2009).

Second, the sanctions for a disciplinary finding of guilt would not rise to the level of atypical and significant hardships. Under MDOC Policy Directive 03.3.105, Attachment D, the maximum sanctions for a Class-I misconduct conviction are as follows: 10 days of punitive segregation for each violation, but not to exceed 20 days for violations arising out of a single incident; 30 days of toplock (but not to be combined with punitive segregation); 30 days of loss-of-privileges sanctions, or 60 days maximum for multiple violations arising out of a single incident; and restitution.

The most significant sanction and, therefore, hardship, is placement in segregation. The Supreme Court has held that placement in segregation "is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration." *Hewitt v. Helms*, 459 U.S. 460, 468 (1983). Thus, it is considered atypical and significant only in "extreme circumstances." *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010). Generally, courts will consider the nature and duration of a stay in segregation to determine whether it imposes an "atypical and significant hardship." *Harden-Bey v. Rutter*, 524 F.3d 789, 794 (6th Cir. 2008).

In *Sandin*, the Supreme Court concluded that the segregation at issue in that case (disciplinary segregation for 30 days) did not impose an atypical and significant hardship. *Sandin*, 515 U.S. at 484. Similarly, the Sixth Circuit has held that placement in administrative segregation for two months does not require the protections of due process. *See Joseph*, 410 F. App'x at 868

12

(61 days in segregation is not atypical and significant). Lesser sanctions of toplock or loss of privileges would certainly be no worse than segregation. Put simply, any penalty Plaintiff might have faced because of the misconduct report would not rise to the level of an atypical and significant hardship. Accordingly, the Court finds that Plaintiff fails to state a plausible Fourteenth Amendment procedural due process claim with regard to the misconduct proceedings.

### E. Eighth Amendment

Plaintiff appears to invoke the protections of the Eighth Amendment. He uses the term "deliberate indifference," (Compl., ECF No.1, PageID.9), he suggests the "prison conditions" fall short of the "f[ai]r and usual treatment" because of "harsh conditions," (*id*., PageID.10). He even specifically references the Eighth Amendment, (id.), but he never describes any such conditions. He suggests that he suffers the stigma of being labeled a sexual miscreant; but he does not offer any facts regarding how that has impacted him such that it rises to the level of cruel and unusual punishment prohibited by the Eight Amendment. Moreover, as explained above, the label is factually accurate.

Plaintiff's Eighth Amendment allegations are hopelessly conclusory. Vague and conclusory allegation without supporting facts or further explanation fail to state a claim. *See Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555.

### F. Conspiracy

A civil conspiracy under § 1983 is "an agreement between two or more persons to injure another by unlawful action." *See Hensley v. Gassman*, 693 F.3d 681, 695 (6th Cir. 2012) (quoting *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985)). The plaintiff must show the existence of a single plan, that the alleged coconspirator shared in the general conspiratorial objective to deprive the plaintiff of a federal right, and that an overt action committed in furtherance of the conspiracy caused an injury to the plaintiff. *Hensley*, 693 F.3d at 695; *Bazzi v. City of Dearborn*, 658 F.3d

598, 602 (6th Cir. 2011). Moreover, a plaintiff must plead a conspiracy with particularity, as vague and conclusory allegations unsupported by material facts are insufficient. *Twombly*, 550 U.S. at 565 (recognizing that allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one); *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008); *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).

Plaintiff uses the word "conspiracy" in his complaint, but he does not allege any facts to support an inference that there was an agreement or plan here, much less that all of the persons involved in the prison's disciplinary process acted for the purpose of violating Plaintiff's rights. His allegations, even viewed in the light most favorable to Plaintiff, describe a number of discrete facts that occurred over a period of time involving numerous individual officers. Plaintiff has provided no allegations establishing a link between the alleged conspirators or any agreement between them. He relies entirely on a highly attenuated inference of conspiracy from the innocuous fact that he has been subjected to an established disciplinary process over time by a number of different participants in the established process. As the Supreme Court has held, such allegations, while hinting at a "possibility" of conspiracy, do not contain "enough factual matter (taken as true) to suggest that an agreement was made." *Twombly*, 550 U.S. at 556. Instead, the Court has recognized that although parallel conduct may be consistent with an unlawful agreement, it is insufficient to state a claim where that conduct "was not only compatible with, but indeed was more likely explained by, lawful, unchoreographed . . . behavior." *Iqbal*, 556 U.S. at 680. In light of the far more likely possibility that the various incidents related were not related by an unlawful agreement to violate Plaintiff's constitutional rights, Plaintiff fails to state a plausible claim of conspiracy.

14

**<u>Conclusion</u>**

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:   __January 14, 2025__                    __/s/ Paul L. Maloney_____
                                                  Paul L. Maloney
                                                  United States District Judge

15